IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MALISSA BROWN and JAMES KNIGHT, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-17-190-D |
| DAVID STANLEY CHEVROLET, INC., and BBVA COMPASS FINANCIAL CORP., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Before the Court is Plaintiffs' Motion to Reconsider and Brief in Support [Doc. No. 11], which seeks relief from the Order of November 17, 2017 [Doc. No. 10], compelling arbitration. Defendants timely responded in opposition [Doc. No. 12], and Plaintiffs filed a reply [Doc. No. 13]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiffs purchased a 2008 Cadillac STS-V from David Stanley Chevrolet. [Doc. No. 1-1 at ¶ 5]. As part of the purchase, Plaintiffs signed a Purchase Agreement, which contained a Dispute Resolution Clause. [Doc. No. 3-1]. The Dispute Resolution Clause, which Plaintiffs separately signed, appeared in red typeface on the front of the Purchase Agreement. *See* Defs.' Mot. to Dismiss, Ex. 1 [Doc. No. 3-1 at 1]. The Dispute Resolution Clause provided that "any controversy, claim or dispute" between the parties "arising out of, or related, to this sale or transaction" be submitted to binding arbitration. [Doc. No. 3-1 at 1]. Plaintiffs allege that about one month after the sale, David Stanley Chevrolet demanded an additional payment of $1,500.00. [Doc. No. 1-1 at ¶ 13]. Plaintiffs also

allege that David Stanley Chevrolet failed to pay off the loan on the trade-in vehicle and sold it to a third party. [Doc. No. 1-1 at ¶ 16]. Compass Bank allegedly repossessed the trade-in vehicle, sold it and demanded Plaintiffs pay the deficiency balance. [Doc. No. 1-1 at ¶ 21].

Plaintiffs commenced this action in the District Court of Oklahoma County on February 1, 2017. [Doc. No. 1-1]. Defendants removed this action to federal court [Doc. No. 1] and moved the Court to enter an order compelling arbitration [Doc. No. 3]. Plaintiffs filed a response in opposition [Doc. No. 8], and Defendants replied [Doc. No. 9]. On November 17, 2017, the Court entered an Order compelling arbitration and administratively closed the case pending the outcome of the arbitration proceedings. [Doc. No. 10]. Plaintiffs now ask the Court to revisit its ruling. Specifically, Plaintiffs assert that the Court should have conducted an evidentiary hearing to determine whether Plaintiffs were fraudulently induced into signing the arbitration clause.

## STANDARD OF DECISION

The Court finds that Rule 59(e) governs its decision because Plaintiffs' motion was filed within 28 days after the judgment was entered. *See* FED. R. CIV. P. 59(e). Relief under Rule 59(e) may be warranted (1) when there has been a change in the controlling law, (2) when there is new evidence that was previously unavailable, or (3) when necessary to correct clear error or prevent manifest injustice. *See Somerlott v. Cherokee Nation Distrib., Inc.,* 686 F.3d 1144, 1153 (10th Cir. 2012); *see also Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (Rule 59(e) relief is appropriate where "the court has misapprehended the facts, a party's position, or the controlling law.").

It is not an appropriate use of such a motion "to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. John Does*, I-XVI, 204 F.3d 1005, 1012 (10th Cir. 2000).

## DISCUSSION

Plaintiffs assert that the Court erred in not conducting an evidentiary hearing. Plaintiffs, however, do not challenge the Court's other findings in its November 17, 2017 Order compelling arbitration [Doc. No. 10]. Similar to the summary judgment standard, "[w]hen parties do not dispute the material facts surrounding an arbitration provision, then a district court, while viewing the facts most favorable to the non-moving party, can decide as a matter of law whether the parties actually agreed to arbitrate." *Ragab v. Howard*, 841 F.3d 1134, 1139 (10th Cir. 2016). Only when there is a genuine dispute of material facts must the trial court proceed summarily to trial to resolve the factual disputes. *Id.* (*citing* to 9 U.S.C. § 4).

Thus, the moving party is required to present evidence sufficient to demonstrate the existence of an arbitration agreement. Once that showing has been made, the party opposing arbitration must demonstrate a genuine issue of material fact as to the making of the arbitration agreement. *See e.g., Avedon Engineering, Inc. v. Seatex*, 126 F.3d 1279, 1283 (10th Cir. 1997). When it is apparent that no material disputes of fact exist, "it may be permissible and efficient for a district court to decide the arbitration question as a matter of law through motions practice and viewing the facts in the light most favorable to the party opposing arbitration." *Howard v. Ferrellgas Partners, L.P.*, 748 F.3d 975, 978 (10th Cir. 2014).

Defendants presented evidence sufficient to demonstrate the existence of an arbitration agreement. Accordingly, the burden shifted to Plaintiffs to raise a genuine issue as to the making of the agreement, using evidence comparable to the evidence identified in FED. R. CIV. P. 56. In concluding that Plaintiffs had failed to assert any facts to support their assertion that they were fraudulently induced into signing the Dispute Resolution Clause, the Court reviewed Ms. Brown's affidavit [Doc. No. 8-2] and the parties' other submissions. [Doc. No. 10 at 15-16]. An evidentiary hearing would not change this outcome.

It is undisputed that Plaintiffs signed all three documents – the Purchase Agreement, the Spot Delivery Agreement and the Retail Installment Sale Contract – on the same day as part of one transaction. The Purchase Agreement contained the separately executed Dispute Resolution Clause, which appeared conspicuously on the front of the document in red typeface. Plaintiffs did not assert a claim for rescission of the arbitration agreement or raise any allegations in the Petition challenging the validity or enforceability of the arbitration clause. [Doc. No. 1-1]. Moreover, Plaintiffs admitted that the Dispute Resolution Clause in the Purchase Agreement provided for binding arbitration pursuant to the FAA. *See* Pls.' Resp. at ¶ 3 [Doc. No. 8].

The Dispute Resolution Clause was clearly visible to Plaintiffs on the front of the Purchase Agreement in red typeface.[1] Although they may not have chosen to read the

---

[1]Plaintiffs rely on *Chaney v. Eskridge Chevrolet*, 350 P.3d 170 (Okla. Civ. App. 2015) for their assertion that an evidentiary hearing is necessary to determine whether a party was fraudulently induced into signing an arbitration agreement. Both parties in *Chaney* argued for an evidentiary hearing, in the event their desired result was not reached. *Id.* at 171.

clause, Plaintiffs signed it. The agent's statements concerning the main purpose of the Purchase Agreement were generally accurate and did not give rise to any duty to speak regarding the arbitration clause.

An evidentiary hearing was simply not required as a predicate to this Court compelling arbitration. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 29 (1983) (approving appeals court's *sua sponte* determination that the underlying dispute was arbitrable, thus effectively entering a Section 4 order compelling arbitration, where appeals court had in the record full briefs and evidentiary submissions from both parties). *See also Commerce Park at DFW Freeport v. Mardian Constr. Co.*, 729 F.2d 334, 340 (5th Cir. 1984).

Simply put, the Court finds no grounds warranting reconsideration of the Court's Order compelling arbitration. Plaintiffs have put forth no new evidence that was previously unavailable nor shown there to be any change in the controlling law. *Somerlott*, 686 F.3d at 1153. Further, the Court finds that it correctly interpreted the facts, Plaintiffs' position and controlling law. *Barber ex rel. Barber*, 562 F.3d at 1228. Plaintiffs are simply

---

The Chaneys alleged that Eskridge "physically concealed the arbitration portion of the agreement during the signing of the purchase agreement." *Id.* at 173. Eskridge asserted that the purchase agreement signing did not transpire as the Chaneys alleged. *Id.* In other words, there were material facts in dispute. That is not the case here. Moreover, Plaintiffs' reliance on an Oklahoma district court rule to support their contention that an evidentiary hearing was required is misplaced. *Burkhart v. David Stanley Dodge, LLC, et al.,* Case No. 114,651 (Okla. Civ. App. Jan. 26, 2017) (unpublished) [Doc. No. 11-1]; *see also* Rule 4(c) of the Rules for District Courts of Oklahoma, OKLA. STAT. tit. 12, ch. 2, app., which requires either an evidentiary hearing or a stipulation on fact issues raised in a pre-trial motion. Current Tenth Circuit law is clear that an evidentiary hearing is not necessary where there are no material factual disputes. *Ragab*, 841 F.3d at 1139; *Howard*, 748 F.3d at 978.

reasserting the same arguments they made in their response. *See United States v. Nacchio*, 555 F.3d 1234, 1253 (10th Cir. 2009) (en banc) ("Courts are not disposed to allow litigants to have two or more bites at the proverbial apple.").

For the reasons set forth above, Plaintiffs' Motion to Reconsider and Brief in Support [Doc. No. 11] is DENIED.

IT IS SO ORDERED this 22nd day of December 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE